**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 115937

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Hortense Morrison Ferrigo, | Docket No: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| Diversified Consultants Inc., | JURY TRIAL DEMANDED |
| Defendant. | |

Hortense Morrison Ferrigo (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Diversified Consultants Inc. (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Hortense Morrison Ferrigo is an individual who is a citizen of the State of New York residing in Nassau County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Diversified Consultants Inc., is a Florida Corporation with a principal place of business in Duval County, Florida.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated June 13, 2018. (**"Exhibit 1."**)

15. The Letter was the initial communication Plaintiff received from Defendant.

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
### Violation of 15 U.S.C. § 1692g

17. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

19. 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

debt."

20. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly from the perspective of the least sophisticated consumer.

21. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt accurately from the perspective of the least sophisticated consumer.

22. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt without ambiguity from the perspective of the least sophisticated consumer.

23. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the notice.

24. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

25. The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt" violative of 15 U.S.C. § 1692g(a)(1).

26. The Letter indicates "Total Debt Due As of Charge- Off: $461.79."

27. The Letter acknowledges a payment made by Plaintiff after charge-off of $250.00

28. The Letter also indicates a "Balance" of $461.79.

29. The Letter fails to contain an explanation, understandable by the least sophisticated consumer, of the inconsistency between the information set forth.

30. The Letter fails to contain an explanation, understandable by the least sophisticated consumer, as to why the amounts for the "Total Debt Due As of Charge- Off" and the "Balance" are the same despite Plaintiff having made a payment of $250.00 post charge-off.

31. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt.

32. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

33. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not know whether he or she owes $461.79 or $211.79 ($461.79-$250.00)

34. The Letter, because of the aforementioned failures, did not convey "the amount of

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

the debt" clearly from the perspective of the least sophisticated consumer.

35. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

36. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" without ambiguity from the perspective of the least sophisticated consumer.

37. The Letter, because of the aforementioned failures, renders the statement of the amount of the debt, even if otherwise accurate, violative of 15 U.S.C. § 1692g(a)(1).

38. The Letter, because of the aforementioned failures, did not adequately set forth "the amount of the debt" as required by 15 U.S.C. § 1692g.

39. The Letter, because of the aforementioned failures, violates 15 U.S.C. § 1692g.

## SECOND COUNT
### Violation of 15 U.S.C. § 1692e

40. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

41. As previously set forth, the Letter indicates "Total Debt Due As of Charge- Off: $461.79."

42. As previously set forth, the Letter acknowledges a payment made by Plaintiff after charge-off of $250.00.

43. As previously set forth, the Letter also indicates a "Balance" of $461.79.

44. A collection letter violates 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

45. The Letter can reasonably be read by the least sophisticated consumer to mean that he or she owes $461.79.

46. The Letter can also reasonably be read by the least sophisticated consumer to mean that he or she owes $$211.79.

47. The Letter could reasonably be read by the least sophisticated consumer to mean that the debt could be satisfied in full by payment of $461.79.

48. The Letter could also reasonably be read by the least sophisticated consumer to mean that the debt could be satisfied in full by payment of $$211.79.

49. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

U.S.C. § 1692e.

50. For these reasons, Defendant violated 15 U.S.C. § 1692e.

## JURY DEMAND

51. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Damages against Defendant pursuant to 15 U.S.C. § 1692k; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Plaintiff's costs; all together with

d. Such other relief that the Court determines is just and proper.

DATED: August 29, 2018

**BARSHAY SANDERS, PLLC**

By: _/s/ *Craig B. Sanders*_____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 115937